MEMORANDUM *
Sun Hwang appeals the district court’s denial of her motion for relief under 28 U.S.C. § 2255. We reverse.
We review a district court’s denial of relief under 28 U.S.C. § 2255 de novo. United States v. Swisher, 811 F.3d 299, 306 (9th Cir. 2016) (en banc).
Hwang pled guilty to aiding and abetting an illegal gambling enterprise in violation of 18 U.S.C. § 1955. Before Hwang pled guilty, her lawyer contacted two immigration attorneys to determine the immigration consequences of a guilty plea. One attorney told Hwang’s lawyer that a guilty plea under § 1955 would invariably *876 result in removal, with no option for discretionary relief. The other attorney believed that Hwang would be eligible for discretionary relief. Hwang’s lawyer conveyed both viewpoints to Hwang, but he did not say which viewpoint he believed to be correct. Rather, in his words, he “never gave Ms. Hwang any immigration advice in regard to her case.” Hwang pled guilty without a plea agreement and was later sentenced to three years of probation.
After sentencing,- the Department of Homeland Security initiated removal proceedings. An immigration judge determined that Hwang had been convicted of an aggravated felony, requiring removal and rendering Hwang ineligible for discretionary relief. Hwang brought a motion under 28 U.S.C. § 2255 to set aside her guilty plea, alleging ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). She alleges that she would not have pled guilty if her lawyer had correctly advised her of the immigration consequences of doing so.
I
“Before deciding whether to plead guilty, a defendant is entitled to ‘the effective assistance of competent counsel.’ ” Padilla, 559 U.S. at 364, 130 S.Ct. 1473 (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). To succeed on an ineffective assistance of counsel claim, “the defendant must show that counsel’s representation fell below an objective standard of reasonableness.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
When a criminal defendant is not a citizen, attorneys have a duty to inform their clients of the immigration consequences of a guilty plea. Padilla, 559 U.S. at 368, 130 S.Ct. 1473. To comply with the Sixth Amendment, attorneys must “advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences” when the immigration “consequences of a particular plea are unclear or uncertain.” Id. at 369, 130 S.Ct. 1473, “But when the deportation consequence is truly clear ■.,. the duty to give correct advice is equally clear.” Id.
Here, the immigration consequences of the guilty plea were clear. A conviction under to 8 U.S.C. § 1955 is defined as an “aggravated felony” pursuant to 8 U.S.C. § 1101(a)(43)(J). An alien convicted of an aggravated felony is “conclusively presumed” to be removable under immigration law. 8 U.S.C. § 1228(c). A noncitizen convicted of an aggravated felony is not eligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). Thus, under Padilla, Hwang’s attorney was obligated to provide her with correct advice regarding the immigration consequences of her plea. 559 U.S. at 368-69, 130 S.Ct. 1473.
Because Hwang was not informed of the immigration consequences of her plea when those consequences were clear, Hwang did not receive constitutionally effective assistance of counsel under the requirements set forth in Padilla. As in Padilla, “the terms of the relevant immigration statute[s] are succinct, clear, and explicit in defining the removal consequence for [Hwangl’s conviction.” 559 U.S. at 368, 130 S.Ct. 1473. “The consequences of [Hwang’s] plea could easily be determined from reading the removal statute, [her] deportation was presumptively mandatory, and [her] counsel’s advice was” not correct. Id. at 369, 130 S.Ct. 1473. Therefore, Hwang has demon *877 strated that her counsel’s performance was objectively unreasonable. See Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052.
We reject the claim that Hwang’s attorney provided effective assistance by furnishing Hwang with conflicting advice, some which was correct. When the immigration consequences of a plea are truly clear, an attorney does not satisfy Padilla by providing the client with a series of conflicting propositions-some true, others not. Conflicting advice is not correct advice.
II
Hwang has also established that she was prejudiced by her attorney’s incorrect advice. Hwang explains that, had she been made aware of the deportation consequences of a guilty plea, she would not have pled guilty. Hwang explains that she placed a significant emphasis on the immigration consequences of a conviction: she asked her attorney repeatedly about the immigration consequences of her case, and she sought further clarity on the effect of a guilty plea by seeking the advice of immigration specialists. Hwang says that if her attorney had provided correct advice, she would not have pled guilty. Under our precedent in United States v. Kwan, this is sufficient to establish prejudice under, the second prong of Strickland. 407 F.3d 1005, 1017-18 (9th Cir. 2005) (determining there was Strickland prejudice where a nonciti-zen defendant demonstrated that he placed a “particular emphasis” on the immigration consequences of a plea), abrogated on other grounds by Padilla, 559 U.S. 356, 130 S.Ct. 1473; see United States v. Chan, 792 F.3d 1151, 1154 (9th Cir. 2015) (concluding that Kwan survives Padilla in relevant part).
For the foregoing reasons, we conclude that Hwang has established her claim of ineffective assistance of counsel under Strickland. Accordingly, we vacate the conviction and remand to the district court.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir, R. 36-3.